ORIGINAL

# United States Court of Federal Claims

No. 16-1444 C
Filed: May 26, 2017

FILED

MAY 26 2017

U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| PETER ROTHING, <br><br> Plaintiff, <br><br> v. <br><br> THE UNITED STATES, <br><br> Defendant. | RCFC 12(b)(1); Lack of Subject-Matter Jurisdiction <br> RCFC 12(b)(6); Failure to State a Claim |

*Peter Rothing*, *pro se* plaintiff.

*Lauren S. Moore*, United States Department of Justice, Civil Division, Washington, DC, for defendant.

## OPINION AND ORDER

**SMITH**, **Senior Judge**

This action is before the court on defendant's motion to dismiss. On November 2, 2016, plaintiff, proceeding *pro se*, filed a complaint seeking various forms of relief. Plaintiff, a former litigant in the United States District Court for the District of Montana, seeks damages for personal injury and property damage caused by various alleged torts committed by members of the federal judiciary. Plaintiff's complaint asserts, *inter alia*, that specific judges on the United States Court of Appeals for the Ninth Circuit (hereinafter "Ninth Circuit") committed tortious actions and conspired to deny plaintiff access to the court system.

On January 31, 2017, defendant filed a motion to dismiss plaintiff's complaint for lack of jurisdiction, pursuant to Rule 12(b)(1) of the Rules of the U.S. Court of Federal Claims, or, in the alternative, for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Rules of the U.S. Court of Federal Claims (hereinafter "RCFC"). For the following reasons, the Court grants defendant's motion to dismiss.

I. **Background**

Mr. Rothing filed two civil actions against Montana state court judges and state employees in the United States District Court for the District of Montana alleging "violations of the Constitution, RICO conspiracy to obstruct justice and numerous tort violations...." Plaintiff's Response to Defendant's Motion to Dismiss (hereinafter "P's Resp.") at 4. The cases were

originally set before two different judges in the district, but they were ultimately consolidated before one of the district's magistrate judges. Plaintiff's Complaint (hereinafter "Compl.") at 2. On September 2, 2015, the magistrate judge dismissed both cases and issued an order declaring Mr. Rothing a vexatious litigant. *Id.*

On September 11, 2015, Mr. Rothing filed an objection to the magistrate judge's September 2 Order pursuant to 28 U.S.C. § 636(b)(1)(C) and Federal Rules of Civil Procedure Rule 72 (hereinafter "FRCP"), allowing a district court judge to *de novo* review a magistrate judge's order. *Id.* at 3. Plaintiff alleges that Montana District Court Chief Judge Dana L. Christensen ignored his objection to the September 2 Order and, in doing so, ignored the "will of the law." *Id.*

Mr. Rothing then filed complaints under the Judicial Conduct and Disability Act, 28 U.S.C. §§ 351-364 (hereinafter "JCDA"), and submitted those complaints to the Ninth Circuit. *Id.* Plaintiff alleges that three judges from the Ninth Circuit and a Ninth Circuit Executive dismissed his complaints and thus committed torts "by failing to uphold the law and by their failure to adhere to the mandatory rules for [p]roceedings under the [Judicial Conduct and Disability] Act." *Id.* In addition to his original complaints against the federal judges from the Montana district, plaintiff subsequently filed JCDA complaints against three judges on the Ninth Circuit who were assigned to review those original complaints. *Id.* at 4.

On November 2, 2016, plaintiff filed a complaint in this Court, naming three judges on the Ninth Circuit and the "Chief [E]xecutive Officer" of the Ninth Circuit as defendants. Compl. at 1. Plaintiff asserts that "these individuals' actions constitute torts of, but not limited to, negligence, fraud and malice, negligent and intentional infliction of emotional distress, nuisance, and breach of the implied covenant of good faith and fair dealing." *Id.* Plaintiff is seeking damages "pursuant to the Federal Tort Claims Act" (hereinafter "FTCA") in the amount of $1,000,000 for personal injury and $450,000 for the regulatory taking of real property. *Id.* at 5.

On January 31, 2017, the government filed a motion to dismiss Mr. Rothing's complaint for lack of subject-matter jurisdiction, or, in the alternative, for failure to state a claim upon which relief can be granted. Defendant's Motion to Dismiss (hereinafter "MTD") at 1. The government contends that Mr. Rothing's complaint fails to identify any money-mandating provision that properly invokes this Court's jurisdiction. *Id.* Furthermore, the government argues that Mr. Rothing's complaint fails to state a basis for a cognizable claim. *Id.*

On February 21, 2017, plaintiff filed his response to the government's motion to dismiss. In his response, Mr. Rothing posits that "subject matter jurisdiction of this Court is granted pursuant to the Federal Tort Claims Act, 28 USC 2671-2680 and is authorized by the Tucker [A]ct, also." P's Resp. at 1. Plaintiff further argues that the components of his complaint that the defendant treats as torts are in actuality "pages of evidence citing the violations of the Constitution, Federal statutes and laws, the Fed. R. Civ. P., and multiple violations of the Rules for Proceedings under the Judicial Conduct and Disability Act, all of which fall under the jurisdiction of this Court, under the Tucker Act." *Id.* at 2.

On March 7, 2017, the government filed its reply in support of its motion to dismiss this case. The government reiterates its position that this Court lacks jurisdiction over tort claims and that neither the Constitution nor the JCDA provides a money-mandating provision to establish

this Court's jurisdiction. Defendant's Reply in Support of its Motion to Dismiss (hereinafter "D's Reply") at 2. The government also argues that plaintiff's complaint fails to sufficiently demonstrate the existence of an express or implied contract between the plaintiff and the government. *Id.* at 4.

## II. Discussion

This Court's jurisdictional grant is primarily defined by the Tucker Act, which provides this Court the power "to render any judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States . . . in cases *not* sounding in tort." 28 U.S.C. § 1491(a)(1) (emphasis added). Although the Tucker Act expressly waives the sovereign immunity of the United States against such claims, it "does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S. 392, 398 (1976). Rather, in order to fall within the scope of the Tucker Act, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part).

When considering a motion to dismiss for lack of subject-matter jurisdiction, the Court "must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (2011) (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)). Further, pleadings from *pro se* plaintiffs are held to more lenient standards than pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This leniency, however, does not extend to saving a complaint that lies outside of this Court's jurisdiction. "Despite this permissive standard, a *pro se* plaintiff must still satisfy the court's jurisdictional requirements." *Trevino v. United* States, 113 Fed. Cl. 204, 208 (2013), *aff'd*, 557 F. App'x 995 (Fed. Cir. 2014) (citations omitted). *Pro se* or not, the plaintiff still has the burden of establishing by a preponderance of the evidence that this Court has jurisdiction over its claims. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

The Tucker Act explicitly excludes tort claims against the United States from this Court's jurisdiction. "It is well settled that the United States Court of Federal Claims lacks—and its predecessor the United States Claims Court lacked—jurisdiction to entertain tort claims." *Shearin v. United States*, 992 F.2d 1195, 1197 (Fed. Cir. 1993); *see also Sellers v. United States*, 110 Fed. Cl. 62, 66 (2013). United States district courts have exclusive jurisdiction to hear tort claims against the United States, including all claims under the FTCA. *See* 28 U.S.C. § 1346(b)(1).

Here, Mr. Rothing fails to establish by a preponderance of the evidence that this Court has jurisdiction over his claims. The first sentence of plaintiff's complaint states, "[t]his claim is being filed pursuant to the [FTCA]...." Compl. at 1. In response to the government's motion to dismiss, Mr. Rothing asserts that the FTCA is under this Court's jurisdiction "because it is an Act of Congress." P's Resp. at 2. He then argues that his claims "are founded upon violations of Acts of Congress," and specifically names the FTCA and JCDA. P's Resp. at 3. Neither the FTCA nor the JCDA provide a cognizable source of jurisdiction for this Court.

3

As previously discussed, this Court does not have jurisdiction over tort claims, and such jurisdiction lies exclusively with the United States district courts. *See, e.g., Souders v. S.C. Pub. Serv. Auth.,* 497 F.3d 1303, 1307 & n.5 (Fed. Cir. 2007) (holding that the plaintiff's negligence claims sounded in tort and thus were beyond the jurisdiction of the United States Court of Federal Claims); *Moore v. Durango Jail,* 77 Fed. Cl. 92, 96 (2007) (holding that the Court of Federal Claims did not have jurisdiction over the plaintiff's claim because the "plaintiff's claim of negligence sounds in tort"). Apart from the fact that this Court lacks jurisdiction over claims under the FTCA, this Court also "does not have jurisdiction over other federal courts or their employees." *Trevino,* 113 Fed. Cl. at 208 (citing *Joshua v. United States,* 17 F.3d 378, 380 (Fed. Cir. 1994)).

In addition to Mr. Rothing's personal injury claims, he is seeking "$450,000 for the regulatory taking of my real property, due to the tortious actions of the courts, in conspiring to deny me access to the courts, as required by law." Compl. at 5. While a regulatory takings claim might provide a basis for monetary relief as required by the Tucker Act (*see Fisher,* 402 F.3d at 1172), a thorough reading of the plaintiff's pleadings does not lead to any alleged facts regarding a "regulatory taking." In plaintiff's own words, the regulatory taking of real property is "due to the tortious actions of the courts," meaning the taking of property arises from the underlying torts and, as a result, would not provide an independent basis for a claim.

The crux of plaintiff's case involves tortious conduct allegedly committed by the federal judiciary; "these individuals' actions constitute torts of, but not limited to, negligence, fraud and malice, negligence and intentional infliction of emotional distress, nuisance, and breach of the implied covenant of good faith and fair dealing." Compl. at 1. Mr. Rothing's cause of action sounds in tort, and nothing has been provided that would lend this Court a basis to otherwise interpret Mr. Rothing's complaint.

Accordingly, the Court lacks subject-matter jurisdiction and the plaintiff's complaint must be dismissed.

### III.    Conclusion

For the reasons set forth above, defendant's **MOTION** to dismiss is **GRANTED**. The Clerk is directed to enter Judgment in favor of defendant, consistent with this opinion.

**IT IS SO ORDERED.**

Margaret M. Sweeney, Judge
For Loren A. Smith, Senior Judge